(Franklin Couny Court of Common Pleas.)

IN THE MATTER OF THE APPLICATION OF JOHN J. BROPHY FOR A WRIT OF HABEAS CORPUS.

*Inter-state and inter-national extradition—Habeas corpus—Decisive construction of congressional act—Conflict of decisions in state and federal courts.*

(Decided June, 1895.)

EVANS, J.

The evidence in this case shows that on May 8, 1895, an affidavit was filed before a justice of the peace in Franklin county, Ohio, charging the prisoner with obtaining $700.00 by false pretenes. The prisoner at that time was at Sequin, in the state of Texas. Necessary requisition papers were duly prepared, and J. J. Mahoney was appointed as agent of the state of Ohio, and invested with full authority to go to Texas, make demand and extradite the prisoner. It also appears that when the officer arrived in Texas he at once apprehended the prisoner with whom he was acquainted, and informed him that the necessary extradition papers were in his possession.

The prisoner claims to have seen a bundle of papers (this the officer denied) and supposed that all the extradition papers were in the bundle, but made no demand to see them or know their contents, and consented to return to the state of Ohio with the officer.

On the return trip the officer and the prisoner spent several hours in Austin, the capital and seat of government of the state of Texas. At this point the prisoner informed the officer that he could give him considerable trouble about the extradition papers, but was not so disposed. No demand was ever made by the agent of Ohio upon the executive of Texas for authority to bring the prisoner out of that state.

The prisoner was brought back to Ohio, and held and confined as a prisoner while awaiting his preliminary hearing. Before the preliminary hearing two other affidavits were filed by different persons and warrants issued, one charging embezzlement and the other forgery. When the day for the preliminary hearing arrived, the prosecution for obtaining $700.00 by false pretenes was abandoned. The prisoner by his counsel moved his discharge, but the motion was overruled; he then waived examination on the other two charges' and was bound over to await the action of the grand jury. The prisoner claimed that his extradition was irregular and illegal:

that he was deceived by said agent Mahoney, and thereby induced to return to Ohio; that he was extradited upon one charge which is now abandoned, and is now held upon separate and different charges, and that having been extradited upon one charge he cannot be held to answer to a different one; and for that reason he is entitled to be discharged, and makes his application for a writ of habeas corpus.

Prisoner's counsel claims, that he was brought from Texas to Ohio under the extradition laws of the United States, but this claim is not sustained by the evidence. It is not a case where the executive of the state of Texas gave its authority to the agent of the state of Ohio for the return of the prisoner, and such authority is essential in inter-state extradition.

Whether I am right in that view of this case or not, here is another question that is decisive in the matter. This is a question arising under the federal constitution. The construction of an act of congress by the Supreme Court of the United States, where congress has constitutional power to pass the act, is the highest judicial determination that can be given to the meaning of that act; and such decision is higher than the decision of the Supreme Court of our own state, or of any other state of the Union upon that subject. Questions may arise as to the constitutional power of congress to pass an act, or whether the power belongs to each state, respectively, but I am not speaking of that kind of a question. The doctrine is well settled that the decision of the Supreme Court of the United States, after construing an act of congress, constitutionally passed, is final and decisive of the meaning and construction of that act, and therefore, the decision of the Supreme Court of the United States in the Lascelles case, 148 U. S., page 537, which takes a view of this same question, different from that of the Supreme Court of Ohio in the McKnight case, 48 Ohio St., page 588, is conclusive, and the authority of the decision in the McKnight case must yield to the authority of the decision of the Supreme Court of the United States upon the same subject.

The McKnight case was decided by our Supreme Court, December 18, 1891, and the Lascelles case was decided by the Supreme Court of the United States, April 3, 1893. The opinion in the latter case was delivered by Justice Jackson, and is in substance as follows:

"As between states of the Union, fugitives from justice have no right of asylum, in the international sense; and a fugitive who has been returned by inter-state rendition may be tried for other offenses than that for which his return was demanded, without violating any right secured by the constitution or the laws of the United States."

In that case Justice Jackson recognized that the decisions have been conflicting in the courts of last resort in several states of the Union, and in the lower federal court, but the holding of the court is explicit that a person extradited from one state to another state within the Union may be tried for a different offense than that for which he was extradited.

It may be stated, however, that the doctrine of the right of a person to claim exemption from any trial upon any ground except upon the charge for which he was extradited, applies only to extraditions between this country and other nations—between the United States and foreign countries. This is international extradition.

There the right depends upon treaty compacts between the different nations, and the courts have held that it would be a breach of good faith with that nation, which has surrendered a person under treaty, for a particular offense, to try him upon some other offense. (State v. Vanderpool, 39 Ohio St. 373.)

In inter-state extradiition there is the binding force and obligation of the supreme law of the land, which imposes no conditions or limitations

upon the jurisdiction and authority of the state to which the fugitive is returned.

Our own Supreme Court in the McKnight case held that as to this rule there was no distinction between national extradition and inter-state extradition, and Judge Williams, who delivered the opinion of the court, presents strong reasons to support that view of the case, but the authority of that case is destroyed by this later decision, which makes a distinction between international and inter-state extradition.

The Supreme Court of the United States may review a decision of the state court involving the construction of an act of congress constitutionally passed. In Lee v. Citizens' National Bank, 2 C. S. C. R., page 298, the court held that where the legal question of rights depends wholly upon the constitution of the United States or the acts of congress, and in no way involving any state constitution or legislation, the decision of the Supreme Court of the United States, settling the construction of the same, will be followed by the state courts, although they may have construed similar provisions in the constitution and statutes of their own states differently.

Were our state courts to hold the question now at issue differently, the Supreme Court of the United States would review and annul such decision. This is not a case where states have construed their reserved powers one way and the United States another, and the question is presented which is the ultimate judge of such reserve powers.

I have therefore reached the conclusion that the objections made to the detention of Mr. Brophy will have to be overruled for either of these reasons: First because the case as disclosed by the testimony and record is not shown to be within the provisions of the constitution of the United States or the act of congress in regard to inter-state extradition, and that the rules of law applicable to cases of that kind, whatever they may be, do not attach to this case. Second, there being a conflict between the decisions of the Supreme Court of Ohio and the Supreme Court of the United States in regard to the construction of an act of congress, relating to inter-state extradition, I am bound to follow the decision of the Supreme Court of the United States, that being the highest authority upon such question.

The judgment, therefore, is that the prisoner be and he is hereby remanded to the sheriff.

Stillwell & Hyneman, for the prisoner.

Watson & Thrailkill, contra.